# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY A. BAXTER #304285, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:18-cv-01338 ) CHIEF JUDGE CRENSHAW |
| CORE CIVIC, et al., | ) ) |
| Defendants | ) |

## MEMORANDUM OPINION AND ORDER

Timothy Baxter, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a *pro se* complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (IFP). (Doc. No. 2.) In addition, the complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions (Doc. Nos. 2, 4) that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application to proceed IFP (Doc. No. 2) is **GRANTED**.

However, under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's inmate trust account; or (b) 20% of the average monthly balance in Plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Trousdale Turner Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

B.  **Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that on May 27, 2017, he filed an administrative grievance against Defendant Valerie Jenkins, and that Sergeant Jenkins saw him submit the grievance. (Doc. No. 1

at 3.) He alleges that shortly thereafter, Defendant Jenkins fabricated a disciplinary charge against him in retaliation for his grievance and conspired with Defendant Sergeant Garner to fabricate evidence and deviate from established disciplinary hearing procedures in order to convict Plaintiff of a Class B disciplinary infraction for defiance on June 17, 2017. (Id. at 1, 3–5.) According to Plaintiff, Defendant Garner then refused his repeated requests for the paperwork he needed to appeal the disciplinary conviction. (Id. at 5.) The prison Warden, Defendant Washburn, refused to intervene in Petitioner's efforts to obtain the needed paperwork, despite Plaintiff's repeated requests to him as well. (Id.) Defendant Garner finally produced the paperwork on August 28, 2018, and Plaintiff filed his administrative appeal on September 12, 2018, but Defendant Washburn upheld the disciplinary conviction on September 25, 2018. (Id. at 6.)

Plaintiff does not state what formal punishment he received as a result of his disciplinary conviction, but alleges that it was a factor in the parole board's decision to deny him parole at his hearing on August 20, 2018. (Doc. No. 1 at 5.) He also alleges that he completely missed a parole hearing that should have happened in February 2018, because Defendant Core Civic, the private contractor that operates Trousdale Turner, marked his file "in error" with an "out to court flag, and left it there until May 2018 "[d]ue to oversight by Core Civic." (Id. at 6.) He seeks, *inter alia*, compensatory, punitive, and exemplary damages from each Defendant of more than $160,000.

As an initial matter, the Court has considered whether this action is barred by the one-year statute of limitations that applies to § 1983 actions arising in Tennessee. Tenn. Code Ann. § 28-3-104(a); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). If the limitations period began to run in June 2017, when Plaintiff was convicted of the allegedly retaliatory disciplinary charge, his complaint was clearly filed too late. However, Plaintiff's limitations period was arguably tolled until at least September 25, 2018, when Warden Washburn ruled on his administrative appeal from

4

the disciplinary conviction. See Waters v. Evans, 105 F. App'x 827, 829 (6th Cir. 2004) (citing Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000)). For the purpose of initial review, therefore, the complaint is not so plainly time-barred that dismissal is appropriate at this stage of proceedings.

Plaintiff asserts six causes of action against Defendants. In Count I, he alleges a violation of Tennessee Code Annotated § 28-3-104(a)(2). (Doc. No. 1 at 6.) But that statute simply provides a statute of limitations for causes of action that are not relevant to this case; it is not itself a cause of action. Count I is therefore **DISMISSED**.

In Counts II–IV, Plaintiff alleges various procedural and substantive due process violations in connection with his disciplinary hearing and conviction. (Doc. No. 1 at 7–10.) To state a claim for a constitutional violation in connection with disciplinary proceedings or resulting punishment under § 1983, a plaintiff must establish that he had a protected liberty or property interest, and that the defendants deprived him of that interest without due process. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999). In the prison context, protected liberty interests are limited to freedom from conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). But the only consequence Plaintiff alleges from his disciplinary conviction is the denial of parole the following year, and Tennessee inmates have no constitutional liberty interest in early release on parole. Settle v. Tennessee Dep't of Correction, 487 F. App'x 290, 291 (6th Cir. 2012) (citing Wright v. Trammell, 810 F.2d 589, 590–91 (6th Cir.1987)). Plaintiff also suggests that the disciplinary conviction had some impact on his "correct minimum classification," (Doc. No. 1 at 6), but the Sixth Circuit has repeatedly "held that an 'increase in security classification ... does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to . . . be held in a specific security classification.'" Williams v. Lindamood,

5

526 F. App'x 559, 563 (6th Cir. 2013) (quoting Harbin-Bey v. Rutter, 420 F.3d 571, 577 (6th Cir. 2005)). Accordingly, Plaintiff has not alleged any outcome of his disciplinary hearing that triggered procedural due process rights under Sandin, or was "so reprehensible as to 'shock the conscience' of the court," as required to support a substantive due process claim. See Rimmer-Bey v. Brown, 62 F.3d 789, 791 n.4 (6th Cir. 1995) ("A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court."). Counts II–IV are therefore **DISMISSED** to the extent that they assert due process claims.

The Court observes, however, that Plaintiff repeatedly alleges that the motivation for the false disciplinary charge and the unfairness of the way it was prosecuted was retaliation for his administrative grievance against Defendant Jenkins. (Doc. No. 1 at 1, 9.) An inmate states a claim for retaliation in violation of the First Amendment when he establishes that: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). Inmates have "an undisputed First Amendment right to file grievances against prison officials." Maben v. Thelen, 887 F.3d 252, 264 (6th Cir. 2018), reh'g denied (Apr. 19, 2018) (quoting Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000)). And while Plaintiff has no freestanding due process right to a lower classification or release on parole, the loss of those privileges might be sufficient to chill an ordinary person's exercise of his First Amendment rights. Accordingly, the Court liberally construes Plaintiff's allegations in Counts II–V to state claims against Defendants Jenkins and Garner for retaliation and conspiracy to retaliate against Plaintiff for the exercise of his rights under the First Amendment.

Plaintiff's claims in Count VI for failing to intervene in the alleged violation of his rights, however, are **DISMISSED**. Plaintiff has not alleged that Warden Washburn was personally involved in the conspiracy to retaliate against him, and neither supervisory capacity nor failing to intervene upon an inmate's complaint establishes the personal involvement necessary for individual liability under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that failure to take corrective action in response to an inmate grievance is insufficient personal involvement for § 1983 liability). Similarly, although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, it cannot be found liable solely on the basis of *respondeat superior*. Thomas v. Coble, 55 F. App'x 748, 748-49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. Id. at 749 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Street v. Corr. Corp. of Am., 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff does not allege that any violation of his constitutional rights in this case was the product of any Core Civic policy or custom. To the contrary, his only factual allegations involving Core Civic concern his missing his February 2018 parole hearing, which he attributes simply to "error" and "oversight," rather than any official policy. (Doc. No. 1 at 6.) Defendants Washburn and Core Civic are therefore **DISMISSED** from this action.

Accordingly, this action shall proceed only against Defendants Jenkins and Garner and solely on the First Amendment retaliation claim identified above. All other Defendants and claims are **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

C.   **Further Action**

The Clerk is **INSTRUCTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Jenkins and Garner. Plaintiff **MUST** complete the service packets and return them to the Clerk's office within **21 days** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE