UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY A. BAXTER,<br><br>    Plaintiff,<br><br>v.<br><br>CORE CIVIC, et al.,<br><br>    Defendants. | Case No. 3:18-cv-01338<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

In this action brought under 42 U.S.C. § 1983, pro se and *in forma pauperis* Plaintiff Timothy A. Baxter alleges that he was retaliated against for filing a grievance while incarcerated at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 1.) Defendants TTCC employees Jessica Garner and Valerie Jenkins have filed a motion for summary judgment, arguing that Baxter failed to exhaust his administrative remedies at the TTCC, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and, alternatively, that Baxter's retaliation claims fail on the merits. (Doc. No. 29.) Baxter has not responded to the defendants' motion for summary judgment, despite receiving two extensions of the deadline to do so and being warned that failure to respond could lead to a recommendation that his claims be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. Nos. 38, 41.) Because it appears that Baxter has abandoned this action, the Magistrate Judge will recommend that his claims be dismissed without prejudice under Rule 41(b) and that the defendants' motion for summary judgment be found moot.

## I. Factual and Procedural Background

Baxter initiated this action on December 3, 2018, by filing a complaint bringing claims under 42 U.S.C. § 1983. (Doc. Nos. 1, 2.) Baxter alleges that, on May 27, 2017, Jenkins and Garner conspired to fabricate a disciplinary charge against Baxter to punish him for filing a grievance against Jenkins. (Doc. No. 1.) Baxter alleges that he was ultimately found guilty of that charge, which was a factor in the parole board's decision to deny him parole at a hearing on August 20, 2018. (*Id.*) Baxter's complaint asserted claims against various defendants claiming that the disciplinary charge had been fabricated and challenging the hearing that led to a finding of guilt. (*Id.*) The Court granted Baxter's *in forma pauperis* application and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, allowing only Baxter's First Amendment retaliation claims against Jenkins and Garner to proceed and dismissing all other claims and defendants. (Doc. No. 5.)

On February 17, 2020, Jenkins and Garner filed a motion for summary judgment (Doc. No. 29), along with a memorandum of law (Doc. No. 30), a statement of undisputed material facts (Doc. No. 31), and supporting declarations and exhibits (Doc. Nos. 32–34). The defendants argue that they are entitled to summary judgment on Baxter's retaliation claims because he failed to administratively exhaust them, and, alternatively, that those claims fail on the merits. (Doc. No. 30.)

On March 20, 2020, the Court received a motion from Baxter requesting a thirty-day extension of the deadline to respond to the defendants' motion for summary judgment. (Doc. No. 37.) Baxter asserted that Garner had "failed to fully cooperate in discovery[,]" which was preventing him "from presenting factual affidavits or other materials in response to [the pending] summary judgment motion[,]"and stated his intention to file a motion to compel discovery. (*Id.* at

PageID# 214.) The Court granted Baxter's motion, extending the deadline to respond to the motion for summary judgment until April 20, 2020. (Doc. No. 38.)

Baxter did not file a response by the deadline and, on April 27, 2020, the Court ordered him to show cause by May 18, 2020, why his claims should not be dismissed under Rule 41(b) for failure to prosecute. (Doc. No. 40.) The next day, the Clerk of Court docketed another motion received by mail from Baxter requesting an extension of time, stating that he had been unable to prepare his response to the motion for summary judgment during the COVID-19 pandemic. (Doc. No. 39.) Baxter stated that he would be allowed access to the library at the South Central Correctional Facility (SCCF) in Clifton, Tennessee, where he is currently incarcerated, on April 24, 2020. (*Id.*) Baxter appended to his motion an official pass to the library, issued by the SCCF librarian. (*Id.*) The Court found that Baxter had adequately responded to its show-cause order, granted his request for an extension, and ordered him to file his response to the defendants' motion for summary judgment by May 14, 2020. (Doc. No. 41.) The Court also warned Baxter that failure to comply with its order could lead to a recommendation that the defendants' motion be granted for the reasons stated therein or that Baxter's claims be dismissed without prejudice for failure to prosecute under Rule 41(b). (*Id.*) Baxter did not file a response by the deadline and has not filed anything in this action since April 27, 2020.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties

seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court

4

to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Baxter.

**A.      Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Although there is no indication that Baxter's failure to file a response to the defendants' motion for summary judgment by the twice-extended deadline was driven by bad faith, he is still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, Civil Action No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders). This factor weighs in favor of dismissal.

**B.      Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*,

5

*Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, the defendants answered the complaint (Doc. Nos. 13, 26) and filed a motion for summary judgment (Doc. No. 29). Those steps are typical of the early stages of litigation and were not necessitated by Baxter's delay. *See Schafer*, 529 F.3d at 739. Consequently, there is no indication that the defendants wasted substantial time, money, or effort due to a lack of cooperation from Baxter. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Baxter that his failure to file a response in opposition to the defendants' motion for summary judgment by the extended deadline could lead to dismissal for failure to prosecute. (Doc. No. 41.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. That is so even though the defendants have filed a motion for summary judgment. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion for summary judgment despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

### IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for failure to prosecute and that the defendants' motion for summary judgment (Doc. No. 29) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of June, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge